THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GENE HUNTER, Plaintiff in Error.

*Opinion filed February 24, 1928.*

CRIMINAL LAW—*when State may show profligacy of life of defendant—argument.* A defendant who has led a profligate life can not assume an attitude of virtue when placed on trial for a crime and prevent the State from showing, by cross-examination, the profligacy of the defendant's life, and the State's attorney, in his argument, is justified in denouncing the defendant as a self-confessed adulteress and perjurer where the charge is supported by the evidence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding.

HAROLD JACKSON, and JOSEPH STEIN, (BODDIE, TONE & CHALLENGER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (EDWARD E. WILSON, and LEE R. LAROCHELLE, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Albert Weissbaum and Gene Hunter, alias Gene Ambrose, a woman, were indicted in the criminal court of Cook county for the robbery of Elmer Sachs, the defendants being then and there armed with a dangerous weapon, to-wit, a pistol. Weissbaum pleaded guilty. The People waived the gun charge, and Weissbaum was given an indeterminate sentence in the penitentiary of from three to twenty years. Gene Hunter pleaded not guilty, and on a trial she was found guilty of robbery by a jury, who also found she was not armed with a dangerous weapon, and she was sentenced to an indeterminate term in the penitentiary. She brings the case to this court for review.

Sachs was a Yellow Cab driver. Near midnight, Octo- ᵥ
ber 15, 1926, Weissbaum and Gene Hunter got into his cab
and Weissbaum told Sachs to drive to 5604 North Spauld-
ing avenue. When the cab arrived at that place Weissbaum
said it was not the place he wanted and told Sachs to drive
to the South side. Sachs drove to 5604 South Spaulding
avenue. There Weissbaum got out of the cab, as did also
Gene Hunter. Weissbaum ordered Sachs out and held a
gun on him while Gene Hunter went through Sachs' pockets
and took from him six dollars in money, after which Weiss-
baum told Sachs to "beat it." Sachs did so, leaving his
cab, into which Weissbaum and the Hunter woman entered
and tried to drive away but could not make the cab go.
They then left on foot. Sachs reported to a police station
immediately and officers went in pursuit. They soon after-
wards found Weissbaum and the Hunter woman on an ele-
vated train and arrested them.

Besides Sachs two police officers testified for the Peo-
ple. Plaintiff in error testified in her own behalf, and
Weissbaum, who was brought from the penitentiary as a
witness, testified in her behalf. We deem it unnecessary to
set out the substance of the evidence. Weissbaum admit-
ted his guilt and is serving a term in the penitentiary. That
plaintiff in error was with him when the robbery was com-
mitted and herself went through the pockets of Sachs is
undenied. Her defense was that she did not know when
she and Weissbaum took the cab that Weissbaum had any
thought of holding up the driver, and that when he told
her he was going to do so she begged him not to do it, and
that she was acting under duress of Weissbaum when they
committed the robbery. Weissbaum corroborates her story.

The only errors assigned are that the State's attorney
made remarks prejudicial to plaintiff in error, and that the
court allowed improper cross-examination of her. It is not
contended that the evidence was insufficient to warrant the
verdict. It developed on cross-examination of plaintiff in

error as to her whereabouts before the robbery and as to her acquaintance and association with Weissbaum, that she was a married woman but was not living with her husband. In October before the robbery she and Weissbaum lived together as man and wife at the Hotel Sheridan Plaza, where they registered as Mr. and Mrs. Albert White. On the trial of this case plaintiff in error testified she was eighteen years old, but admitted she had shortly before testified in another court that she was twenty-three. She admitted drinking and that she got intoxicated at times. In the course of his argument the State's attorney denounced her pretty severely and criticised her as a self-confessed adulteress and perjurer. During the State's attorney's arguments it seems she wept, and the State's attorney, addressing her in his argument, told her to weep some more and try to befuddle the jury with crocodile tears. The denunciation of plaintiff in error as a self-confessed adulteress and perjurer was justified by her evidence. *People* v. *Spaulding,* 309 Ill. 292.

The court did not err in permitting the cross-examination of plaintiff in error, but if error had been committed in that respect it is not preserved for review by objections of plaintiff in error's counsel. A defendant who has led a profligate life cannot assume an attitude of virtue when placed on trial for a crime and prevent the State from showing the profligacy of the life of the defendant. *People* v. *White,* 251 Ill. 67.

No other verdict could reasonably have been arrived at by the jury than one of guilt, and in such a case the conduct of the State's attorney must be shown to be such as was calculated to inflame the jury and influence the verdict. The conduct of the State's attorney in this case cannot reasonably be said to have influenced the verdict of guilty, because that verdict was amply justified by the evidence. In such case, even if the State's attorney had been guilty of misconduct in his remarks, such conduct would not justify a reversal of the judgment.

No question is raised by plaintiff in error as to the sufficiency of the evidence to warrant the verdict, or as to the admission or rejection of testimony, or as to the giving and refusing of instructions.   There was no prejudicial error committed by the State's attorney or the court.

The judgment is affirmed.     *Judgment affirmed.*