(No. 19515.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE McCAFFREY *et al.* Plaintiffs in Error.

*Opinion filed June 19, 1929—Rehearing denied October 5, 1929.*

FRANK A. McDONNELL, (ELWYN E. LONG, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and G. E. NELSON, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were indicted in the criminal court of Cook county on the charge of having, while armed with pistols, on July 4, 1928, robbed one Louis Goldberg. On October 10, 1928, they were tried before a jury, convicted and sentenced to the penitentiary. They seek review of this judgment, alleging as error refusal on the part of the trial court to grant a continuance and the rulings of the court on the admission of evidence, and also contend that the evidence is not sufficient to sustain a conviction.

Complaining witness testified that he was the owner of a garage at 4738 West Harrison street, in the city of Chicago, on July 4, 1928; that about two o'clock that morning plaintiffs in error entered his garage and asked him if he sold gasoline; that he told them he did, and that they both then produced guns and demanded the fastest car in the garage. Witness testified that he was sitting in an automobile at the time, washing the windows; that one of the plaintiffs in error got into the rear seat of the car and the other in the front and tried to start it but could not; that they then asked for the keys, but witness told them he did not know where they were; that they then told him to get out of the machine and face the wall, which he did. He also testified that there was another car standing on the floor and that plaintiffs in error took it and left the garage; that while in the garage he heard them call each other "Mac" and "Garvey," and that he called the police station and gave a description of the men who had taken the car. He positively identified plaintiffs in error as being the men who were in his garage at that time. He further testified that on July 14 he was called over to the police station to

see if he could identify some prisoners there; that the police showed him the two men who took the car from his garage, and that lights were burning in his garage at the time the two men came in and he could see them clearly.

James Quirk, a police officer, testified on behalf of the State that he arrested the plaintiffs in error on July 14; that about one o'clock in the morning of that day a taxicab driver by the name of Fred Sweitzer made complaint to the witness, whereupon they circled around the neighborhood and picked up plaintiffs in error at the Kedzie avenue elevated station and took them to the police station. He testified that neither of them had a police record and that at the time they were arrested they had no weapons of any kind about them; that later that day the witness Goldberg was called and he came over to the station and the police showed the plaintiffs in error to him, and that nothing was said by Goldberg and nothing was said by plaintiffs in error while they were in Goldberg's presence.

On behalf of plaintiff in error Garvey, Mrs. Maurice Garvey, his mother, testified that he was at home during the night of July 3 and 4; that she had occasion to go by his room between the hours of one and two on the morning of July 4 and that he was asleep in his bed at that time, and that she remembered the morning of July 4 because she was preparing to go to a picnic.

Plaintiff in error Garvey testified in his own behalf, denying any knowledge of the crime charged. He also testified that at the police station on July 14, when he and McCaffrey were brought before the complaining witness, he saw the latter shake his head; that he saw the police talking to him afterward but could not hear what he said. In answer to a question put by his counsel he stated that he had never owned or carried a gun in his life. On cross-examination he stated that on the morning of July 14 he and McCaffrey were arrested as they were going into a restaurant to get food.

McCaffrey testified that he was at home on the night of July 3 and 4. He also denied any knowledge of the crime, and testified that at the police station on July 14 complaining witness did not point out plaintiffs in error, but when he was asked by the police if he could identify them he shook his head and said "No." This witness also testified that he heard an officer by the name of Credon telling Goldberg that plaintiffs in error were the men that held him up. He also testified that he had never owned or carried a gun in his life. In rebuttal the People called Fred Sweitzer, the taxicab driver, who testified that on the morning of July 14, 1928, both plaintiffs in error were in his taxicab and each had a gun.

Plaintiffs in error urge as their first assignment of error that they were forced to trial without opportunity to prepare and that counsel for Garvey was appointed by the court to defend McCaffrey without an opportunity to talk with him. It appears from the record that plaintiffs in error were arrested on the 14th of July, 1928, and on July 30, 1928, indicted for the offense of which they were convicted. They were arraigned and pleaded not guilty on August 8. The case came on on September 26 following, at which time it was set for trial on October 10. Counsel for plaintiff in error Garvey then stated to the court that he was not ready for trial because three of his witnesses were out of town; that he had talked to them and they had promised to be in court at that time but when he went out to see them the day before the trial they were all out of town. The court thereupon inquired which of plaintiffs in error he represented, and being told that he represented Garvey, the court then asked McCaffrey if he had a lawyer, to which McCaffrey replied that he did. The court asked why he was not in court, and McCaffrey replied that he didn't know, as he had paid him. The court thereupon informed counsel for Garvey that he would appoint him to defend McCaffrey. This appointment was then urged by counsel

for Garvey as further grounds for a continuance, as he had not had an opportunity to talk with McCaffrey. The court told him that he would have an opportunity before witnesses were called, to do so.

Counsel for plaintiffs in error cite the case of *People* v. *Bopp,* 279 Ill. 184, as authority for their contention that it was error to refuse a continuance after Garvey's counsel had been appointed to also defend McCaffrey. The facts in that case are not similar to those in the case at bar. In the *Bopp case* one of the defendants was charged with murder as principal and the other as accessory. Their defenses differed. The inconsistency of the two defenses was pointed out in the opinion in the *Bopp case.* Such is not the record here. There was no claim of inconsistent defenses. It was not shown at the trial, nor is it shown in the briefs, in what way plaintiffs in error were prejudiced by the appointment of counsel for Garvey to defend McCaffrey. The cases had been pending for two months. There is no showing that they could not prepare their defense if such was the fact. The defense was that they were at home at the time. It does not appear that McCaffrey would have been able to corroborate his statement as to his whereabouts if given opportunity to procure absent witnesses, and Garvey's mother appeared and testified for him. It is nowhere disclosed in the record that the plaintiffs in error were prejudiced by going to trial on October 10.

It is also urged that it was error to permit the witness Sweitzer to testify that plaintiffs in error were armed with guns while in his taxicab on the morning of July 14, ten days after the alleged crime. In support of this point *People* v. *Berkman,* 307 Ill. 492, is cited. In that case the People sought to show that Berkman owned a revolver alleged to have been found on the prairie near where he fell when shot by the officers in his attempt to get away from them. The testimony showed the revolver in question was picked up the next day after Berkman was shot and about a month

after the assault with intent to commit murder for which he was indicted. The People failed to prove that this gun belonged to Berkman, and it was held that it was error to introduce it in evidence. That case is in nowise similar to the case at bar. The question here raised was not there presented. In this case both the plaintiffs in error testified they had never owned or carried a revolver. Sweitzer's testimony was offered in rebuttal of that statement. The evident purpose of this statement of plaintiffs in error was to give the jury to understand that they were not of the type of men who carried guns. It was competent for the State to prove the contrary as affecting their credibility. *People* v. *Hunter,* 329 Ill. 186.

It is also urged that the evidence of identification is not sufficient to sustain the verdict of guilty. It is true that both plaintiffs in error testified they were not at the place of the crime at the time, but the complaining witness, Goldberg, on the other hand, is positive in his testimony that plaintiffs in error were the two men who robbed him and took his automobile. One of plaintiffs in error testified that when they were brought before complaining witness he shook his head and said "No," while the other testified that he shook his head. The police officer Quirk testified that when the men were brought before him Goldberg said nothing and plaintiffs in error said nothing to him. This was a matter for the jury. While the fact that plaintiffs in error were brought out for identification alone instead of with a number of other prisoners is a matter proper to be considered by the jury as affecting the credibility of complaining witness in his testimony as to identification, this court would not be justified in setting aside the verdict on the ground of the weight of that testimony.

There being no reversible error in the record, the judgment of conviction will be affirmed.

*Judgment affirmed.*